UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AYHAN TARTICI,                                                    16-CV-5140 (ADS) (AKT)

                Plaintiff,                          AMENDED COMPLAINT

   - against -

SANT KARAM S., INC., ATLANTIS
MANAGEMENT GROUP II, LLC, HARJIT
SINGH, SURINDER SINGH, SUKHWINDER
SINGH, and KULBIR SINGH,

                Defendants.
------------------------------------------------------------X

## INTRODUCTION

1.    Plaintiff alleges that Defendants violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to pay him overtime premium pay for all hours worked in excess of forty (40) hours per week, and that Defendants acted in a manner that was willful and without good faith.

2.    Plaintiff further alleges that Defendants' failure to pay compensation for all hours worked was made with a reckless disregard for Plaintiff's rights and in violation of the New York Labor Law ("NYLL") sections 650 *et seq.*, including Part 142, section 142-2.2 ("Overtime Rate") and section 142-2.4 ("Spread-of-Hours Pay") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3.    This Court's jurisdiction is based upon 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Question). Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those derive from a common nucleus of operative

1

facts. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is appropriate under 28 U.S.C. § 1391(b) and (c) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district. In addition, Defendants regularly conduct business in this district and are subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff, Ayhan Tartici (hereinafter "Plaintiff"), is a resident of Ronkonkoma, New York. He was employed as a gas station attendant at the Defendants' gas station from on or about 2012 until on or about July 12, 2015.

6. The Defendant, Sant Karam S., Inc. (hereinafter "Sant"), is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. The Defendant, Atlantis Management Group II, LLC (hereinafter "Atlantis"), is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

8. The Defendant, Harjit Singh (hereinafter "Harjit"), is an individual residing in the State of New York.

9. The Defendant, Surinder Singh (hereinafter "Surinder"), is an individual residing in the State of New York.

10. The Defendant, Sukhwinder Singh (hereinafter "Sukhwinder"), is an individual residing in the State of New York.

11. The Defendant, Kulbir Singh (hereinafter "Kulbir"), is an individual residing in

the State of New York.

12. At all relevant times, Harjit was a corporate officer of Sant. Upon information and belief, at all times relevant, Harjit exercised operational control over Sant, controlled significant business functions of Sant, determined employee salaries, made hiring decisions, and acted on behalf of and in the interests of Sant in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Harjit has been an employer under the FLSA and New York Wage and Hour Law.

13. At all relevant times, Surinder was a corporate officer of Sant. Upon information and belief, at all times relevant, Surinder exercised operational control over Sant, controlled significant business functions of Sant, determined employee salaries, made hiring decisions, and acted on behalf of and in the interests of Sant in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Surinder has been an employer under the FLSA and New York Wage and Hour Law.

14. At all relevant times, Sukhwinder was a corporate officer of Sant. Upon information and belief, at all times relevant, Sukhwinder exercised operational control over Sant, controlled significant business functions of Sant, determined employee salaries, made hiring decisions, and acted on behalf of and in the interests of Sant in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Sukhwinder has been an employer under the FLSA and New York Wage and Hour Law.

15. At all relevant times, Kulbir was a corporate officer of Sant. Upon information

and belief, at all times relevant, Kulbir exercised operational control over Sant, controlled significant business functions of Sant, determined employee salaries, made hiring decisions, and acted on behalf of and in the interests of Sant in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Kulbir has been an employer under the FLSA and New York Wage and Hour Law.

## FACTS

16. Defendants own and operate a BP gas station located at 2840 Pond Road, Ronkonkoma, New York 11779.

17. Plaintiff was employed at Defendants' BP gas station as a gas station attendant.

18. Each individual Defendant participated in the decision to hire Plaintiff.

19. Each individual Defendant participated in the decision to fire Plaintiff.

20. Each individual Defendant participated in the daily supervision of Plaintiff's duties.

21. Each individual Defendant participated in setting the Plaintiff's work schedule.

22. Each individual Defendant participated in deciding the manner in which Plaintiff was paid during his employment.

23. Each individual Defendant participated in the decision to pay Plaintiff in cash during his employment.

24. Each individual Defendant participated in running the day to day operations of their BP gas station during Plaintiff's employment.

25. Each individual Defendant participated in deciding the hours that Plaintiff would work each week.

26. Each individual Defendant participated in deciding the job duties that Plaintiff would perform on a daily basis.

27. From on or about 2012 until on or about July 12, 2015, Plaintiff regularly worked 7 days per week.

28. From on or about 2012 until on or about July 12, 2015, Plaintiff regularly worked 65 hours per week.

29. From on or about 2012 until on or about July 12, 2015, Plaintiff worked Monday through Friday, from 4:00 p.m. to 11:00 p.m.

30. From on or about 2012 until on or about July 12, 2015, Plaintiff worked from 10:00 a.m. Saturday to 4:00 p.m. Sunday.

31. During Plaintiff's employment, Defendants did not record the hours that Plaintiff worked each day of each week.

32. During his employment, Plaintiff was always paid by the hour.

33. During his employment, Plaintiff was paid in cash each week.

34. During his employment, Plaintiff was paid straight time for every hour he worked each week.

35. During Plaintiff's employment, the Defendants never paid the Plaintiff overtime compensation.

36. During his employment, Plaintiff was not paid time and a half his regular rate of pay when he worked more than 40 hours per week.

37. During his employment, Plaintiff was not exempt from the overtime provisions of the FLSA or any applicable state laws.

38. During his employment, Plaintiff was not given any uninterrupted meal breaks.

39. During Plaintiff's employment, Defendants did not provide Plaintiff with wage notices.

40. During Plaintiff's employment, Defendants did not provide Plaintiff with wage statements.

41. During Plaintiff's employment, Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled for this work time under the law.

42. Defendants' failures to pay proper wages in a timely manner were made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ.***
**<u>FAILURE TO COMPENSATE FOR OVERTIME</u>**

43. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

44. At all times relevant to this Amended Complaint, Defendants have been and continue to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

45. At all times relevant to this Amended Complaint, Defendants "employed" Plaintiff by suffering or permitting him to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

46. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

47. At all times relevant to this Amended Complaint, the corporate Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)). As such, the corporate Defendant was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

48. Upon information and belief, the gross annual volume of sales made or business done by Sant for the years 2015, 2014, and 2013 was not less than $500,000.00.

49. Upon information and belief, the gross annual volume of sales made or business done by Atlantis for the years 2015, 2014, and 2013 was not less than $500,000.00.

50. At all times relevant to this Amended Complaint, Defendants had, and continue to have, employees handle goods or materials that have moved in interstate commerce, including the Plaintiff who worked as a gas station attendant.

51. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §§ 207, *et seq*.

52. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

53. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

54. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

55. However, none of the Section 13 exemptions apply to Plaintiff because he has not

met the requirements for coverage under the exemptions.

56. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

57. Defendants have not acted in good faith with respect to the conduct alleged herein.

58. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### VIOLATION OF THE NEW YORK LABOR ARTICLES 6 AND 19
### FAILURE TO PAY OVERTIME UNDER THE NEW YORK LABOR LAW

59. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

60. At all times relevant to this Amended Complaint, Defendants were an "employer" of Plaintiff within the meaning of the NYLL and the regulations pertaining thereto.

61. At all times relevant to this Amended Complaint, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the regulations pertaining thereto.

62. At all times relevant to this Amended Complaint, Defendants employed Plaintiff by suffering or permitting him to work within the meaning of NYLL and the regulations pertaining thereto.

63. Defendants failed to pay overtime premiums to Plaintiff for all such work hours in excess of 40 hours per workweek, in violation of the NYLL and the regulations pertaining thereto.

64. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

65. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR ARTICLE 6
## FAILURE TO PROVIDE WAGE NOTICES

66. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

67. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the dates of his hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

68. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

69. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR ARTICLE 6

## FAILURE TO PROVIDE WAGE STATEMENTS

70. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

71. Defendants willfully failed to provide Plaintiff written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

72. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

73. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

   A. Declare and find that the Defendants committed one or more of the following acts:

      1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff;

      2. Willfully violated the overtime provisions of the FLSA;

10

      3.      Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiff;

      4.      Willfully violated the overtime provisions of the NYLL;

      5.      Violated the wage notice and wage statement requirements of the NYLL;

B.      Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C.      Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D.      Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL; and

E.      Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
March 14, 2017

_____
Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
Fax: 516.228.5106
nhglaw@nhglaw.com