## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This agreement ("Agreement") is by and between AYHAN TARTICI (hereinafter referred to as "Plaintiff") and ATLANTIS MANAGEMENT II, LLC, (hereinafter referred to as "ATLANTIS Defendants") ("Plaintiff" and "ATLANTIS Defendants" collectively referred to as the "Parties.")

**WHEREAS**, Plaintiff, having filed a lawsuit in the United States District Court for the Eastern District of New York against SANT KARAM S., INC., ATLANTIS MANAGEMENT GROUP II, LLC, HARJIT SINGH, SURINDER SIGH, SUKHWINDER SINGH, and KULBIR SINGH (collectively referred to as "Defendants") bearing Civil Action Number 2:16-cv-05140 ("Civil Action"); and

**WHEREAS**, Plaintiff and ATLANTIS Defendants seek to amicably resolve any and all matters in controversy, disputes, causes of action, claims, contentions, and differences between them; and

**WHEREAS**, Justin Reilly, Esq., Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, New York, 11758 (hereinafter referred to as "Counsel for Plaintiff") has analyzed and evaluated the merits of the claims made against ATLANTIS Defendants and the impact of this Agreement on Plaintiff and based upon his analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Complaint, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interest of Plaintiff.

**NOW, THEREFORE**, in consideration for the sums as outlined below, Plaintiff and ATLANTIS Defendants have reached a full and final compromise and settlement of any and all matters in controversy, and hereby agree as follows:

1. **NO ADMISSION OF LIABILITY:** The Parties hereto recognize and agree that the ATLANTIS Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiff or to anyone else as a result of, or growing out of, the matters set forth in the Complaint filed on March 27, 2017, Case No.: 2:16-cv-05140 ("Complaint"), or which could have been raised in a lawsuit, or which otherwise involve Plaintiff's employment relationship with the ATLANTIS Defendants and the termination of Plaintiff's employment relationships.

2. **RELEASE:** In consideration for the payment called for herein, Plaintiff (sometimes hereinafter referred to as the "Releasors"), do hereby completely, irrevocably and unconditionally release and forever discharge ATLANTIS Defendants, their representatives, divisions, affiliates, subsidiaries, parents, present and former officers, agents, shareholders, directors, trustees, insurers, employee benefit plans, attorneys, employees and each and every one of them and their heirs, executors, administrators, successors and assigns, JIMMY KOCHISARLI, ALEXANDER M. AMANATIDES, ORKUN GONUL, PETER DONOVAN, their heirs, executors, administrators, successors and assigns, (all of which are hereinafter referred to collectively as "Releasees") from any and all claims alleged in the Complaint, for any wage and hour violations under state and/or local law, including but not limited to, any and all State Law Claims, the New York Labor Laws, the New York Wage Theft Prevention Act, and the New York Miscellaneous Industries Wage Order, the Fair Labor Standards Act, each as amended; as well as any actions, claims, grievances, complaints, administrative claims and demands whatsoever that Plaintiff had or now has or may have against ATLANTIS Defendants and/or the Releasees for

overtime, commissions, unpaid wages, whether based on common law or otherwise, and specifically includes all claims for unpaid overtime, back pay, improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, severance pay, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with the ATLANTIS Releasees.

3. **DISMISSAL OF ACTION**: Plaintiff further understands and agree that this Agreement is made conditional upon receipt by ATLANTIS Defendants' counsel of a fully executed original of this Agreement by Plaintiff and a fully executed Stipulation and Order of Dismissal with Prejudice as against ATLANTIS Defendants in the form attached hereto as Exhibit A. Plaintiff will submit the Stipulation and Order of Dismissal with prejudice within five (5) days of payment, as set forth in Paragraph 4 of this agreement. Plaintiff agrees that if defendants Sant Karam S, Inc., Harjit Sing, Surinder Singh, Sukhwinder Singh or Kulbir Singh assert any cross-claims, initiate a third-party action or initiate a subsequent claim against the ATLANTIS defendants, related to the wage and hour claims asserted in the Complaint, then Plaintiff will indemnify and hold harmless the ATLANTIS defendants.

4. **PAYMENT**: In consideration for Plaintiff's: (1) dismissal of the claims alleged in the Complaint; (2) the release contained in Paragraph 2 herein; and (3) the promises and agreements set forth herein, ATLANTIS Defendants agree to pay Plaintiff, as full and complete settlement and final satisfaction of any and all of Plaintiff's claims, the sum of $17,500.00. ATLANTIS Defendants and its insurer shall each provide their respective checks within thirty (30) days after Plaintiff delivers this Agreement fully-executed by Plaintiff (including a completed Medicare Release on **Page 11**), a completed, fully executed IRS Form W-4 from Plaintiff, completed, fully-executed IRS Form W-9s for both Plaintiff and Counsel for Plaintiff to Counsel

for the ATLANTIS Defendants, and the Court's approval of this Agreement. Said payment shall be allocated as follows:

(a) A payment of $12,500.00 to Ayhan Tartici in the form of two checks made payable to Ayhan Tartici as follows (i) one check in the amount of $2,500.00, less applicable withholdings, as wage-based compensatory damages, for which ATLANTIS Defendants shall issue a Form W-2 reflecting said payment and (ii) one check in the amount of $10,000.00 as non-wage compensation from which no withholdings or deductions shall be taken, and for which ATLANTIS Defendants shall issue a Form 1099-MISC with box #3 checked.

(b) A lump sum payment in the amount of $5,000.00 in the form of a check made payable to "Neil H. Greenberg & Associates, P.C." for attorneys' fees and disbursements associated with the representation of Plaintiff. ATLANTIS Defendants shall issue an IRS Form 1099 reflecting said payment.

Said payments shall be delivered to Plaintiff's counsel: Justin Reilly, Esq., Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, New York, 11758.

The Parties agree that any delay in delivery of the Settlement Payment that is caused by, or may be attributed in whole or in part to any act or omission of the United States Postal Service, shall toll the schedule for delivery of the Settlement Payment contemplated by **Paragraph 4**, and shall not be considered a breach of this agreement on behalf of the ATLANTIS Defendants in any way. Without releasing the ATLANTIS Defendants from their ultimate obligation to ensure the Settlement Payment is delivered to and received by Counsel for Plaintiff, the ATLANTIS Defendants will be considered to have fulfilled their obligations regarding delivery of the Settlement Payment as contemplated in this **Paragraph 4** by submitting the Settlement Payment to either the custody and control of a United States Postal Service employee, a United States Postal

Service Mailbox, or any other receptacle authorized for receipt of United States Postal Service Mail, no later than three (3) days prior to the deadline for delivery contemplated by **Paragraph 4**, and providing proof of such mailing to Counsel for Plaintiff whether via electronic means or otherwise.

5. **NO OTHER PAYMENTS OR OTHER BENEFITS DUE AND OWING**: Plaintiff hereby acknowledges and agrees that no other payments or benefits of any kind are due and owing to Plaintiff from ATLANTIS Defendants other than what is set forth in Paragraph 4 of this Agreement.

6. **INCOME TAXATION**: ATLANTIS Defendants make no representations or warranties regarding any tax issues relating to the payment provided for in **Paragraph 4** above, and Plaintiff acknowledges that he has not relied upon any advice from ATLANTIS Defendants or the ATLANTIS Defendants' agents, employees, attorneys or representatives, concerning the taxability of the amounts to be paid under this Agreement or otherwise. In the event that taxes are assessed against Plaintiff as a result of the payment made hereunder, Plaintiff shall be solely responsible for the payment of such taxes, interest and/or penalties as may be assessed against them for federal, state and local income taxes and unemployment taxes and shall indemnify and hold the ATLANTIS Defendants including their insurers, harmless for any such liability, interest or penalties related thereto, except for ATLANTIS Defendants' portion of FICA and FUTA, if any.

7. **NO OTHER CLAIMS**: Plaintiff represents that he has not filed any complaint or charges, either formal or informal, against ATLANTIS Defendants and/or the Releasees with any other local, state or federal agency or court relating to their employment. Plaintiff agrees to withdraw the causes of action asserted in Complaint and not to file any other causes of action

against the ATLANTIS Defendants arising from any claims that were raised or could have brought against the ATLANTIS Defendants from the beginning of the world up to the date of this Agreement for overtime, commissions, unpaid wages, whether based on common law or otherwise, and specifically includes all claims for unpaid overtime, back pay, improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, severance pay, gratuities, tip credits, tip allowances, service charges, and retained gratuities during Plaintiff's employment with the ATLANTIS Defendants. Both Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

8. **GOVERNING LAW.** The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. The Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than **Paragraph 2** of this Settlement Agreement, as to which all monies paid hereunder must be returned to the ATLANTIS Releasees if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

9. **NO REPRESENTATIONS:** The Parties acknowledge that, in making this Agreement, they relied entirely upon their own judgment, belief and interests and the advice of their counsel. The Parties acknowledge that, except as expressly set forth herein, no

representations of any kind or character have been made by any other Party or Parties, agents, representatives or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the Parties, and supersedes, cancels, and replaces any and all prior and contemporaneous negotiations and all agreements, arrangements or representations proposed or otherwise, written or oral, concerning the subject matter hereof.

10. **BINDING NATURE OF AGREEMENT.** This Agreement is binding upon, and shall inure to the benefit of the Parties and their respective heirs, executors, administrators, executors, successors, assigns, and legal representatives. It is expressly recognized that each of the ATLANTIS Releasees are beneficiaries of this Agreement.

11. **NO CONSTRUCTION AGAINST DRAFTER.** This Agreement is the product of negotiation among Plaintiff and ATLANTIS Defendants and/or their respective counsel and shall be deemed as having been prepared jointly by Plaintiff and ATLANTIS Defendants and/or their respective counsel. In interpreting the text of this Agreement, no presumption against the drafter of any provision shall be made.

12. **MULTIPLE COUNTERPARTS**: Plaintiff and ATLANTIS Defendants agree that this Agreement can be signed in counterparts that, together, shall constitute an original. Plaintiff and the ATLANTIS Defendants further agree that copies of the executed Agreement shall be deemed as effective as an original.

If it is revoked, the Plaintiff will not receive the payments or benefits described in Paragraph 4 of this document. Failure to deliver a written revocation notice after 7 days will automatically signify that no revocation is being made and that this Agreement is fully effective and enforceable.

13. **Headings.** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

14. **Medicare Release by Plaintiff.**

   A. **Medicare Information.** Pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, The Center for Medicare and Medicaid Services must be provided Plaintiff's full address, Social Security Number, date of birth, gender, and, if available, their Medicare Health Insurance Claim Number (HICN). Provision of this information is a condition of this settlement. Spaces are provided at the end of this Agreement for compliance.

   B. **Liens – Indemnity and Hold Harmless.** It is expressly understood and agreed, Plaintiff further covenants and agrees that any and all Medicare, Social Security, hospital, medical insurance coverage subrogation claims and/or any and all other type of liens or interest that is and/or could be claimed by any person and/or entity, will be fully paid, satisfied and released from the settlement proceeds paid herein, in trust, unless and until such time as said liens and/or claims have been fully paid, satisfied or released. In this regard, Plaintiff agrees to indemnify and hold harmless the ATLANTIS Releasees including their insurance carriers, their attorneys and all others in privity with them, from any claim by, through and/or under Plaintiff including, but not limited to, any direct claim by Medicare and/or Social Security for reimbursement of any funds paid by them relating to the injuries and claims arising from the alleged claims in the Complaint.

C.  **Medicare Set Aside.** It is further expressly understood and agreed, to the extent applicable, Plaintiff covenants that they will set aside funds necessary in any approved Medicare Set Aside Account, to pay for any anticipated future medical and/or health care needs of Plaintiff, for any injury and/or condition that requires treatment that arises from the injuries related and/or caused by the alleged claims in the Complaint. In the alternative, Plaintiff shall covenant that he does not presently anticipate that they will require medical and/or health care treatment for the injuries and/or conditions related and/or arising from the alleged claims in the Complaint. Further, should funds not be placed in an approved Medicare Set Aside Account for Plaintiff, and care and treatment for injuries and/or conditions reasonably related to the alleged claims in the Complaint are subsequently sought, then Plaintiff covenants and represents to the ATLANTIS Releaseees including their insurance carriers, their attorney and others in privity with them, that Plaintiff will not submit nor seek payment for said medical care from Medicare and/or any other government funded program, as described above. This covenant and representation shall be included as part of the indemnification obligations of Plaintiff stated herein.

15. **BY SIGNING THIS SETTLEMENT AGREEMENT, PLAINTIFF AFFIRM:**

HE HAS READ IT;

HE UNDERSTANDS IT, AND KNOWS THAT HE IS GIVING UP IMPORTANT RIGHTS;

HE AGREES WITH EVERYTHING IN IT;

HE HAS BEEN ADVISED TO CONSULT WITH HIS ATTORNEYS PRIOR TO EXECUTING THIS SETTLEMENT AGREEMENT;

HE HAS SIGNED THIS SETTLEMENT AGREEMENT KNOWINGLY AND VOLUNTARILY.

THE PARTIES REPRESENT AND WARRANT THAT THE ATTORNEYS' FEES PORTION OF THE SETTLEMENT PAYMENT IS FAIR AND REASONABLE.

16. **ENTIRE AGREEMENT**: This Agreement sets forth the entire Agreement between the Plaintiff and ATLANTIS Defendants and fully supersedes any and all prior agreements or understandings, written or oral, between the parties hereto pertaining to the subject matter hereof.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]**

It is understood and agreed that the information provided below will be provided to The Centers for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension Act of 2007:

Full Name as it appears on your Social Security Card

AYHAN TARTICI

Social Security Number

115.86.4460

Address

4 woodlawn Ave
Ronkonkoma NY 11779

Date of Birth

12.24.1972

Medicare Health Insurance Claim Number (HICN)

None
(IF NONE, STATE "NONE")

Gender

Male

1. I, Ayhan Tartici, further declare under penalty of perjury under the laws of the State of New York, that: 1) I am not currently entitled to Medicare; and 2) none of the treatment I received for the injury or injuries alleged in the Complaint or could have been alleged (or related to the allegations in the Complaint) or released in this Agreement were submitted to or paid for by Medicare or Medicaid.

2. **Waiver.** No breach of any terms or provisions hereto will be deemed waived unless in writing. The waiver of any breach of any terms or provisions of this Agreement shall not be a waiver of any other breach of this Agreement.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]**

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

_____
Ayhan Tartici

Dated: ~~December~~ 29, 2017
         November

STATE OF NEW YORK   )
                    )  ss.:
COUNTY OF           )

On December 29 2017, before me came Ayhan Tartici, to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

[Notary Seal: EMILY M COLATO REYES, NOTARY PUBLIC, Exp. February 22, 2020, NASSAU COUNTY, No. 01RE6337187, STATE OF NEW YORK]

_____
Notary Public

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]**

**IN WITNESS WHEREOF,** the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

on behalf of **ATLANTIS MANAGEMENT GROUP II:**

Dated: ~~December~~ January 8, 2018

Jimmy Kochisacli
Print Name

[signature]
Sign Name

Vice President
Title

STATE OF NEW YORK  )
                   )  ss.:
COUNTY OF          )

On ~~December~~ January 8, 2018 before me came Jimmy Kochisarli, to me known, who executed the foregoing Agreement, and duly acknowledged to me that he/she executed same as his/her act for the purposes expressed herein.

[signature]
Notary Public

ALEXANDER M AMANATIDES
NOTARY PUBLIC STATE OF NEW YORK
SUFFOLK COUNTY
LIC. # 02AM5050487
COMM. EXP. 10/10/2021

**[END OF DOCUMENT.]**