UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X     For Online Publication Only
AYHAN TARTICI,

                                            Plaintiff,

          -against-

SANT KARAM S., INC. ET AL.,

                                           Defendants.
------------------------------------------------------------------------X

**ORDER**
16-CV-5140 (JMA) (AKT)

**AZRACK, United States District Judge:**

       Before the Court is the motion of plaintiff Ayhan Tartici ("Plaintiff") for default judgment against defendant Kulbir Singh ("Defendant Kulbir"). For the reasons stated herein, Plaintiff's motion is **GRANTED** and Plaintiff is awarded a default judgment against Defendant Kulbir.

### I. DISCUSSION

**A. Defendant Defaulted**

       Defendant Kulbir was properly served with the summons and amended complaint on April 1, 2017. (ECF No. 64-3; Transcript of 2/26/19 Evidentiary Hearing, ECF No. 64-7 at 9:14-24.) On August 16, 2020, Defendant Kulbir was served with the motion for default judgment. (ECF No. 64-13.) Defendant Kulbir—who has not responded to the motion for default judgment—defaulted by failing to answer, move, appear, or defend in this action.

**B. Liability**

       When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

Here, the Court finds that the allegations in the complaint are sufficient to establish Defendant Kulbir's liability under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

## C. **Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff requests damages in the amount of $31,750.00.  On February 26, 2019, Magistrate Judge A. Kathleen Tomlinson held an evidentiary hearing and concluded that Plaintiff established damages of:  $10,875.00 in overtime compensation under the FLSA and NYLL; $5,000.00 in wage notice statutory penalties pursuant to NYLL § 195(1); $5,000 in wage statement statutory penalties pursuant to NYLL § 195(3); and liquidated damages of $10,875.  (Transcript of 2/26/19 Evidentiary Hearing, ECF No. 64-7 at 48:21-57:3; see also Plaintiff's Declaration and Estimated Calculation of Damages, ECF No. 64-5.)  The Court has reviewed the record before Judge Tomlinson de novo and (in agreement with Judge Tomlinson's findings) concludes Plaintiff is entitled to $31,750.00 in damages.

Plaintiff also seeks prejudgment interest on the NYLL claims.  Plaintiff is entitled to recover prejudgment interest at a rate of nine percent (9%) per year on the unpaid wages.  See NYLL § 198(1-a); N.Y. C.P.L.R. §§ 5001, 5004.  The Court, after considering the

2

issue de novo, concludes that Plaintiff is entitled to nine percent annual interest on unpaid wages damages from September 10, 2014, until the date judgment is entered.  Therefore the Court finds that Plaintiff is entitled to interest in the amount of $6,416.85.[1]

### E. Attorneys' Fees and Costs

Plaintiff requests to make a separate motion for attorneys' fees and costs.  (ECF No. 64-12 at 15.)  Plaintiff's request is granted.  Plaintiff's motion for attorneys' fees and costs shall be filed within fourteen (14) days of the date of this Order.

## II.  CONCLUSION

The Court grants Plaintiff's motion for default judgment against Kulbir Singh and awards Plaintiff $38,166.85.

Plaintiff has informed the Court that he will not pursue default judgments against the remaining defendants.  (See Electronic Order, 1/15/21; ECF No. 67.)  Accordingly, Plaintiff's claims against the remaining defendants are dismissed.

The Clerk of the Court is respectfully directed to enter judgment against Defendant Kulbir in the amount of $38,166.85.  Plaintiff's claims against all other defendants are dismissed.  The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:  March 30, 2021
Central Islip, New York

                                                      /s/   (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE

---

[1] ($10,875 x 0.09/365 x 2393 days (from September 10, 2014 to March 30, 2021)) = $6,416.85